[J-94-2019] [MO: Saylor, C.J.]
**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

JASMINE WEEKS, VANESSA WILLIAMS, : No. 22 EAP 2019
ARNELL HOWARD, PATRICIA SHALLICK, :
INDIVIDUALLY AND ON BEHALF OF ALL : Appeal from the Order of the
OTHERS SIMILARLY SITUATED, : Commonwealth Court entered on
: August 1, 2019 at No. 409 MD 2019.
Appellants :
: ARGUED:  October 16, 2019
:
v. :
:
:
DEPARTMENT OF HUMAN SERVICES OF :
THE COMMONWEALTH OF :
PENNSYLVANIA, :
:
Appellee :

**CONCURRING OPINION**

**JUSTICE TODD**                                        **DECIDED: December 18, 2019**

I join the Majority Opinion.  In my view, whether the passage of Act 12 violated the "original purpose" or "single subject" mandates in Article III, §§ 1 and 3 of the Pennsylvania Constitution is a close question.  At the preliminary stage of this litigation, however, this Court is not asked to decide this ultimate constitutional question, but only to determine whether the Commonwealth Court had "any apparently reasonable grounds" to support its denial of preliminary injunctive relief.  *See Summit Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003).  As such, for the reasons expressed by Chief Justice Saylor in his Majority Opinion, I agree that the Commonwealth Court did not abuse its discretion in concluding Appellants did not carry their burden to establish a likelihood of success on the merits.  I nevertheless withhold judgment on the

underlying constitutional question.  *Cf. Washington v. Dep't of Public Welfare*, 188 A.3d 1135 (Pa. 2018) (in process challenge to legislation allegedly enacted in violation of Article III, § 4 of the Pennsylvania Constitution, this Court, although initially affirming denial of request for preliminary injunction, ultimately found legislation to be unconstitutional).

Justices Donohue and Dougherty join this opinion.